Before us is an appeal from a judgment entered on the father's complaint for modification, dismissing the mother's counterclaim for modification, and dismissing the mother's complaint for contempt. The mother claims primarily that the judge's findings are unsupported by the record. We affirm.
This is a contested custody matter in which the father requested a modification of the existing custody arrangement on account of the mother's mental illness and the deterioration of her ability to care for herself or the child. The judge appointed a guardian ad litem (GAL) with a background as a licensed social worker to conduct an evaluation of the mother's mental state and the best interests of the child. The GAL determined that the mother was psychotic and suffered from delusions and that the best interests of the child would be served by granting the father sole legal and physical custody of the child, with supervised visitation by the mother. Upon receipt of the GAL report, an evidentiary hearing was held, at which the GAL and numerous witnesses appeared. The mother appeared pro se, and was aided by an interpreter.
After the evidentiary hearing the judge issued findings of fact and conclusions of law. She found that the mother suffered from a significant untreated mental illness, was psychotic, and harbored many delusions, including beliefs that toxic odors were invading her condominium and that the father was spreading false stories about her because of her religious beliefs. The judge determined that the mother's mental state negatively affected her ability to care for and make decisions about the child. The judge therefore granted sole legal and physical custody to the father. She granted limited supervised parenting time to the mother under the auspices of the New Hope program or other similar supervising agency agreed upon by the parties.
The mother challenges the judge's factual findings, claiming that the husband has lied about her, that the police and other reporters have lied about her, and that the GAL has inaccurately summarized what she has been told by others. In particular, the mother asserts that the child wants to live with her, and that the statements by the child to the contrary (as reported by the GAL) are false. The mother also denies that she suffers from any mental illness, and has not sought treatment for mental illness.
The judge's findings were supported by the evidence. In her testimony, the mother told the judge that toxic odors invaded her living space, and that the father was responsible for them. Two police officers recounted incidents when they had been called to the home to respond to the mother's complaints about odors they could not detect. The father recounted similar events and the mother's many attempts to evade the odors by moving. After several moves, the mother came to live for a time in a campground (where she reported the odors did not follow her), and lived in a tent on the ground. The father testified to his concerns for the welfare of the child when she visited the mother in the campground, or slept in the mother's car.[2]
The judge's factual findings are entitled to substantial deference, and may not be set aside unless clearly erroneous. J.S. v. C.C., 454 Mass. 652, 657 (2009). The judge was presented with conflicting testimony and conflicting views of the evidence. It was for her to make credibility findings, and to resolve conflicts in the evidence. Id. After a careful review of the record appendices and the transcripts we find no error in the judge's factual findings.[3]
Judgment dated December 8, 2017, affirmed.

The mother testified that her parents persuaded her to move back to China for several months for a "rest." The child remained with the father during this time, and on other occasions when the mother returned to China.

Other arguments made by the mother "have not been overlooked. We find nothing in them that requires discussion." Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).